IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **RAMON MANUEL RODRÍGUEZ JIMENEZ,**<br>Plaintiff,<br><br>            v.<br><br>**FRANK BISIGNANO,**<br>Commissioner of the Social Security Administration<br>            Defendant. | Civil No. 22-1499 (MBA) |

## **OPINION AND ORDER**

Plaintiff Ramón Manuel Rodríguez Jiménez filed the present case challenging the Commissioner of the Social Security Administration's ("Commissioner's") denial of his petition for Social Security disability insurance benefits. (ECF No. 1). The parties consented to proceed before a Magistrate Judge and the case was assigned to Magistrate Judge Bruce J. McGiverin. (ECF No. 2, 6). After Plaintiff filed his brief (ECF No. 18), the Commissioner filed a consent motion to remand pursuant to the fourth sentence of 42 U.S.C. § 405(g). (ECF No. 23). The motion was granted and judgment entered on September 7, 2023. (ECF No. 24, 25). On October 6, 2023, Rodríguez's counsel, David Luis Torres-Vélez, filed a motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). (ECF No. 26). Magistrate Judge McGiverin granted the motion on November 20, 2023. (ECF No. 29).

In the subsequent proceedings before the agency, the Commissioner issued a favorable decision. On October 17, 2025, Torres-Vélez filed a motion for attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act in the amount of $50,257.75. (ECF No. 30). For the reasons explained below, the Court finds that a reduction to $39,718.81 constitutes a reasonable attorney's fee

1

award here. The Court further directs Torres-Vélez to remit the EAJA award to Rodríguez.

## APPLICABLE LEGAL FRAMEWORK

In Social Security cases, attorney fees can be obtained pursuant to the EAJA or the Social Security Act, 42 U.S.C. § 406. When fees are awarded under both the EAJA and § 406(b), the attorney claiming the award must refund the lesser award to the client. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412.

Under the EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht*, 535 U.S. at 796. EAJA fees are determined not by a percent of the amount recovered, but by the "time expended" and the attorney's "[hourly] rate," 28 U.S.C. § 2412(d)(1)(B), which is capped at $125 per hour. 28 U.S.C. § 2412(d)(2)(A). *See Dieppa-Velázquez v. Saul*, 19-CV-1574 (CVR), 2021 WL 2144226 at *1, 2021 U.S. Dist. LEXIS 100686 at *2 (D.P.R. May 25, 2021).

Meanwhile, under 42 U.S.C. § 406(b)(1)(A), an attorney who successfully represented a Social Security claimant in federal court may be awarded "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike the EAJA, § 406(b) does not authorize the prevailing party to recover fees from the losing party. *Gisbrecht*, 535 U.S. at 802. Instead, § 406(b) authorizes fees payable from the successful party's recovery. *Id.* But it also "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. It is the attorney seeking payment that bears the burden of proving "that the fee sought is reasonable for the services rendered." *Id.* There is no presumption that 25% is reasonable. *Gisbrecht*, 535 U.S. at 807 n.17. Rather, in conducting the reasonableness analysis, courts look not just at the fee arrangement, but also at "the character of the representation and the results the representative achieved." *Id.* at 808.

## DISCUSSION

A. Timeliness

Under Rule 9(b) of the Local Rules for the District of Puerto Rico, "[a] party seeking attorneys' fees pursuant to 42 U.S.C. § 406(b) shall have fourteen (14) days after counsel's receipt of

the original, amended, or corrected Notice of Award, whichever is latest, to file its request for attorney's fees." Here, there is no dispute that Torres-Vélez's motion was timely filed. The Notice of Award was issued on October 4, 2025, and counsel filed his motion on October 17, 2025. (ECF No. 30, 30-2 at 1).

### B. Reasonableness of the Fees

The claimant here was awarded past due benefits to the sum of $201,031.00. (ECF No. 30 at 3). Torres-Vélez's and the claimant's contract provides that counsel's representation would "not cost [him] more than 25% of the past due benefits." (ECF No. 30-1 at 1). Torres-Vélez's requested amount, $50,257.75, is exactly 25% of the awarded past due benefits. In support of this request, Torres-Vélez states that he and another attorney, Heather Freeman, worked a combined total of 40.9 billable hours working on Plaintiff's case. (ECF No. 30 at 5). And following that math, his requested fee results in a *de facto* rate of $1,228.50, which he asserts is consistent with prior authorizations and "neither excessive nor a windfall." (*Id.* at 5-7). The government neither supports nor opposes Torres-Vélez's request (ECF No. 31-32).

While the fees requested by Torres-Vélez comply with the statutory cap because they are not greater than 25% of Rodríguez's award, the Court finds that they result in a windfall. Torres-Vélez indicated to the Court in his time log submitted in his request for EAJA fees for both of counsels' work that the hourly rate was $234.95 in 2022, and $242.78 in 2023. (ECF No. 30-3). Work began in 2022, and there is no work billed beyond 2023. (*Id.*). Paying heed to *Gisbrecht* and considering the work done in this case as well as the contingency nature of the representation, the Court concludes that an award of $39,718.81, four times the 2023 rate, is reasonable. And it is also well within the range approved by this and other courts. *See, e.g., Nieves-Colón v. Comm'r of Soc. Sec.*, 19-cv-1346 (GLS), 2025 U.S. Dist. LEXIS 262205, *7, 2025 WL 3653776, *2 (D.P.R. Dec. 17, 2025) (deeming an hourly rate of $650 reasonable, but reducing hours billed); *Hernández-Miranda v. Comm'r of Soc. Sec.*, 18-CV-1390 (MEL), 2022 U.S. Dist. LEXIS 184624, *4, 2022 WL 6174113, *2 (D.P.R. Oct. 10, 2022) (reduced fee award due to pre-briefing voluntary remand resulting in *de facto* rate of $815.22 for 9.2 hours); *Rivera v. Comm'r of Soc. Sec.*, 18-cv-1653 (BJM), 2025 U.S. Dist. LEXIS 41930, *8, 2025 WL 723688, *3 (D.P.R. Mar. 6, 2025) (finding *de facto* rate of $498.76 per hour reasonable); *Piñeiro-Fuentes v. Comm'r of Soc. Sec.*,

18-cv-1556 (MDM), 2023 WL 6605907, *5-6, 2023 U.S. Dist. LEXIS 183680, *14-15 (D.P.R. Oct. 10, 2023) (approving *de facto* hourly rate of $1,010 for 19.8 hours of work on case involving post-briefing voluntary remand); *Vázquez v. Comm'r of Soc. Sec*, 19-cv-1168 (MDM), 2023 U.S. Dist. LEXIS 113771, *20-21, 2023 WL 4285991, *8 (D.P.R. June 30, 2023) (reducing *de facto* hourly rate to $1,231.50 for 7.8 hours of work in case involving pre-briefing voluntary remand); *Wilt v. O'Malley*, 720 F. Supp. 3d 94, 96 (D.N.H. 2024) (finding that an award for $17,300 for 39.2 hours of work, less than twice the calculated lodestar figure, was reasonable); *Giles v. Saul*, No. 17-CV-659-PB, 2020 WL 836736, *4, 2020 U.S. Dist. LEXIS 29027, *5 (D.N.H. Feb. 20, 2020) (decreasing an attorney's fee award from the requested 25% ($2,212 per hour) to four times the lodestar (over $800 an hour)). Just as other courts have noted, the undersigned acknowledges the "regrettable imprecision of [this] analysis," but finds that caselaw and reasonableness demand a downward adjustment here. *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1173 (C.D. Cal. 2006) (reducing attorney fees to 2.5 times the hourly rate despite contract specifying a contingent fee of 25%).

Based on the foregoing, on balance, it is this Court's view that, the requested fee of $50,257.75 should be reduced to reflect a reasonable fee for the services rendered. Using its independent judgment and for the reasons explained above, the Court reasons that an award of $39,718.81 is reasonable in this case.

## CONCLUSION

In light of the foregoing, Torres-Vélez's petition for attorney fees under § 406(b) is **GRANTED in part** and payment of $39,718.81 in attorney fees to Torres-Vélez is authorized. I direct Torres-Vélez to remit to Rodríguez his prior EAJA fee of $9,200.00.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico this February 18, 2026.

*s/ Mariana E. Bauzá-Almonte*
MARIANA E. BAUZÁ-ALMONTE
United States Magistrate Judge
